IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**SCOTT LEONARD MANLEY,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　　　**CASE NO. 4:07CV392-WS/AK**

**CAPTAIN PAYNTER,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 alleging that Defendant Paynter[1] violated his First and Eighth Amendment rights when he retaliated against him and was deliberately indifferent to his serious medical needs. (Doc. 17).

Defendant has moved for summary judgment (doc. 59) and Plaintiff has not responded.

---

[1] Plaintiff voluntarily dismissed Defendant Simons (docs. 36 and 38), and Defendant Kirkland. (Doc. 57 and 58).

I.      Allegations of the Amended Complaint (doc. 17)

Plaintiff claims that on and after June 30, 2006, Defendant Paynter retaliated against him by forcing him to mow grass contrary to his medical condition and intentionally inflicted pain upon him in retaliation for his filing grievances.  He seeks compensatory and punitive damages, and declaratory and injunctive relief.

II.     Standard of Review

A district court should grant summary judgment when, "after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element of that party's case."  Nolen v. Boca Raton Community Hospital, Inc., 373 F.3d 1151, 1154 (11th Cr. 2004), *citing* Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).  All issues of material fact should be resolved in favor of the Plaintiff or non-moving party before the Court determines the legal question of whether the defendant is entitled to judgment as a matter of law under that version of the facts.  Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003); Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002).   The Plaintiff has the burden to come forward with evidentiary material demonstrating a genuine issue of fact for trial.  Celotex, 477 U.S. at 322-23.  Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient.  There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof.  Anderson v. Liberty Lobby, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986).  "For factual issues to be

considered genuine, they must have a real basis in the record." Mize v. Jefferson City Board of Education, 93 F.3d 739, 742 (11th Cir. 1996).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)).  The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c).  Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

While a moving party is not required to support his motion for summary judgment with affidavits, Celotex, supra at 323, the facts stated in uncontradicted affidavits or other evidentiary materials must be accepted as true for purposes of summary judgment.  Gauck v. Meleski, 346 F.2d 433, 436 (5th Cir. 1965).

### III.     Defendant's Relevant Evidence (doc. 59)

a)     Affidavit (exhibit B)

Defendant Paynter relates that during the relevant time period he was work squad Lieutenant at Wakulla Correctional Institution and was responsible for work assignments inside and outside.  Although he recalls no incident with Plaintiff on or about June 30, 2006, the procedures for working inmates who have a medical condition are that a medical pass must be written to excuse a work assignment or a medical

**No. 4:07cv392-WS/AK**

emergency must be declared.  He attests that he has never forced an inmate to work with a medical pass against such activity, has never retaliated against Plaintiff or any other inmate by forcing them to work and would not have instructed Plaintiff to work unless he had no medical pass.  He recalls no conversations with Plaintiff or about Plaintiff on that date and has no independent knowledge of grievances filed by Plaintiff.

      b)     <u>Medical Records</u>

Plaintiff was treated for back pain on April 25, 2006, after jumping from the top bunk and was instructed to limit his activity for 10 days and use an ibuprofen balm. (Exhibit E).  On June 28, 2006, he reported pain after bending over to get an item radiating into his right hip, and he was again given ibuprofen balm.  (Exhibit F).  On June 30, 2006, he declared a medical emergency claiming that he was unable to walk or move and told Officer Roberts that he did not want to go to medical, he just wanted a lay in pass.  He was taken to medical anyway in a wheelchair, and after an examination by Dr. Huang, he was told he had no emergency, and he walked back to the dorm without assistance.  A spine study conducted on December 5, 2007, was normal, (exhibit K), as was an MRI.  (Exhibit O).

      c)     <u>Affidavit of Frank Johanson (exhibit R)</u>

Dr. Johanson is the Clinical Deputy Director of the Florida DOC and he has reviewed the records of Plaintiff to determine that on June 30, 2006, Plaintiff was examined by Dr. Huang and found to have no medical emergency and he was able to walk out of the clinic.  Later objective testing results were normal and no follow-up treatment was prescribed.

**No. 4:07cv392-WS/AK**

    d)    <u>Affidavit of Rebecca Padgham (exhibit U)</u>

Ms. Padgham has reviewed Plaintiff's grievance history and can find no grievance concerning an incident with Defendant Paynter.

## IV.    Analysis

    a)    <u>Failure to state a claim</u>

Plaintiff has come forward with no evidentiary material to refute the sworn affidavits submitted by Defendant denying that any incident took place with Plaintiff on June 30, 2006, that he was examined and released without treatment on that date, and that there was no retaliation and no injury resulting from the alleged act of retaliation.

To state a claim against Defendant Paynter under the Eighth Amendment for denial of medical attention under the Eighth Amendment "[u]ltimately, there are [] four requirements: an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." <u>Taylor v. Adams</u>, 221 F.3d 1254, 1258 (11th Cir. 2000), <u>cert</u>. <u>denied</u>, 531 U.S. 1077, 121 S.Ct. 774, 147 L.Ed.2d 673 (2001).  An objectively serious deprivation requires (1) showing an objectively "serious medical need." <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976).  A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Farrow v. West</u>, 320 F.3d 1235, 1243 (11th Cir. 2003), quoting <u>Hill v. Dekalb Regional Youth Detention Center</u>, 40 F.3d 1176, 1187 (11th Cir. 1994).

**No. 4:07cv392-WS/AK**

The medical records and interpretation thereof by Dr. Frank Johanson indicate that objective tests found nothing wrong with Plaintiff's back either prior to or following the alleged incident on June 30, 2006.

To state a retaliation claim, a plaintiff must establish three elements: (1) that his speech or act was constitutionally protected; (2) that the defendants' retaliatory conduct adversely affected the protected speech or act; and (3) that there is a causal connection between the retaliatory actions and the adverse affect.  Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005).

Negative statements in general made by a defendant without threat of physical violence or any other consequence would not likely deter a person of "ordinary firmness" from exercising his rights.  Wood v. Valentino, 2007 WL 1427045 (M.D. Fla. 2007).

Plaintiff claims that Defendant Paynter followed his threats with forced labor which was contrary to his medical condition and caused injury.  However, he has come forward with nothing to prove he had a medical condition, a medical pass to prohibit him from working, or that he suffered from any alleged "forced labor."

Further, as to the third requirement, a causal link, conclusory allegations of retaliation without "some facts" that would indicate that the retaliatory act was in retaliation for filing grievances is not sufficient.  See White v. Thompson, 2007 WL 2324613 (S. D. Ga. 2007).  See also Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (prisoner may establish retaliation by "demonstrating that the prison official's actions were `the result of his having filed a grievance concerning the conditions of his

**No. 4:07cv392-WS/AK**

imprisonment.'").  The allegations must be more than "general attacks" upon a defendant's motivations, Plaintiff must produce "affirmative evidence" of retaliation from which a jury could find that plaintiff had carried his burden of proving the requisite motive.  Crawford-El v. Britton, 523 U.S. 574, 600, 118 S.Ct. 1584, 1598, 140 L.Ed.2d 759 (1998) (citations omitted).  A prisoner does not automatically cast doubt upon an institutional decision, nor is the decision "subject to exhaustive challenge," solely because he was engaged in a First Amendment right.  Adams v. James, 784 F.2d 1077, 1082 (11th Cir. 1986); Adams v. James, 797 F.Supp. 940, 949 (M.D. Fla. 1992).  Even though prison officials do not have the authority to prohibit inmates from filing grievances it does not follow that every time an inmate files a grievance the act of doing so renders the exercise of prison authority suspect.  See Adams, 784 F.2d at 1082. Indeed, while mindful that a plaintiff may not be held to a heightened burden of proof, see Crawford-El, 523 U.S. at 580-86 (holding that in retaliation claim prisoner could not be required to show "clear and convincing" evidence of defendant's unconstitutional motives), courts should approach prisoner claims of retaliation "with skepticism and particular care" due to the "near inevitability" that prisoners will take exception with the decisions of prison officials and "the ease with which claims of retaliation may be fabricated."  Dawes v. Walker, 239 F.3d 489, 491 (2nd Cir. 2001), impliedly overruled in part on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

Under the present facts, Plaintiff allegedly wrote grievances against "medical staff" that angered Defendant Paynter enough to cause him to retaliate.  However,

**No. 4:07cv392-WS/AK**

Plaintiff has not provided the original grievances which allegedly caused the retaliation to begin with, and according to Ms. Padgham, he never filed a grievance against Paynter. These facts make no connection between any first amendment activity and acts of retaliation.

Thus, the undersigned finds that Plaintiff has failed to carry his burden of proof on the retaliation claim as well.

b)   Exhaustion

Since passage of the PLRA, 42 U.S.C. § 1997e(a) now provides: "*No action shall be brought* with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (Emphasis added.) The exhaustion requirement of § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or Bivens. Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998). There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Alexander, 159 F.3d at 1325.

Plaintiff has not grieved his claims against Defendant Paynter, and this ground alone warrants dismissal.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion for Summary Judgment (doc. 59) be **GRANTED,** and Plaintiff's amended complaint, doc. 17, be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for failure to state a claim upon which relief may be

**No. 4:07cv392-WS/AK**

granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this **29th** day of June, 2009.

 _S/ A. KORNBLUM_
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**